IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JASON WILLARD BRAMLETT                                                                          PLAINTIFF

v.                                            Civil No. 6:19-CV-06070

WELLPATH LLC, *et. al.*                                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Preliminary Injunction.  (ECF No. 38).

### I.  BACKGROUND

Plaintiff filed his Complaint on June 25, 2019.  (ECF No. 1).  He alleges his constitutional rights were violated by the denial of medical care starting in March 2017 while incarcerated in the Arkansas Department of Correction ("ADC").  (ECF No. 1 at 4).  Plaintiff states he suffers from Multiple Sclerosis ("MS"), and he has additional spinal column issues including disc protrusions and bulges, spurs, chondromalacia of the facet joints, degenerative disc disease, and osteophytes with foraminal stenosis.  (*Id*.).  Plaintiff alleges he was denied prescribed medical care, medications, treatments, disability-assist devices, and hygienic necessities for his conditions.  (*Id*. at 4).

Defendants filed a Motion to Dismiss on July 23, 2019.  (ECF No. 10).  This was denied on January 31, 2020.  (ECF No. 29).

Plaintiff filed his Motion for Preliminary Injunction on June 17, 2020. (ECF No. 38). Defendants filed their Response on July 1, 2020. (ECF No. 42). Plaintiff filed his Reply on July 15, 2020. (ECF No. 46). Plaintiff filed his Motion for a Ruling on Injunction on July 27, 2020. (ECF No. 49).

## II.     LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of preliminary injunctions. In deciding a motion for a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and, (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. ANALYSIS

"'The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full effective relief.'" *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.,* 997 F.2d 484, 490 (8th Cir.1993) (quoting *Rathmann Group v. Tanenbaum,* 889 F.2d 787, 789–90 (8th Cir.1989), in turn quoting *Ferry–Morse Seed Co. v. Food Corn, Inc.,* 729 F.2d 589, 593 (8th Cir.1984)). Thus, "[r]equiring [the defendant] to take affirmative action . . . before the issue has been decided on the merits goes beyond the purpose of a *preliminary* injunction." *Id*. Where a movant seeks on its motion for preliminary injunction substantially the same relief it would obtain after a trial on the merits, the movant's burden is particularly "heavy." *Id*. (citing *Dakota Indus., Inc. v. Ever Best Ltd.,* 944 F.2d 438, 440 (8th Cir.1991)).

Because Plaintiff fails to demonstrate that he would suffer irreparable harm without an injunction, or that he is likely to succeed on the merits of his case, he has failed to meet that heavy burden. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Merely possible or speculative harm is not sufficient. *Chlorine Institute, Inc., v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015). Further, the "failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief." *Id*. at 778 (quoting *Caballo Coal Co. v. Ind. Mich. Power Co.,* 305 F.3d 796, 800 (8th Cir.2002)).

Plaintiff's Complaint and the current motion both seek to have his appointments with Dr. Khaleel (or another similarly qualified medical expert) and his monthly infusions of Tysabri for his MS reinstated. (ECF Nos. 1, 38). He, therefore, asks the Court to order the key items of requested

relief[1] he would obtain after a successful trial of his case on the merits. Defendants argue that Plaintiff has been medically monitored by Dr. Daniel during the pandemic, his MS progression remains static, and he is currently scheduled for an appointment with Dr. Khaleel in July.[2] (ECF No. 42 at 2-3). Plaintiff alleges that he will suffer the irreversible progression of his disease without the monthly infusions but has provided nothing other than his bare assertions to support that claim. That same lack of medical evidence is also fatal, at least for the purpose of this motion, to Plaintiff's likelihood of success on the merits. Without such evidence, Plaintiff merely disagrees with the medical treatment he has received, which does not state a claim of constitutional dimension. *See Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted) (It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.").

Plaintiff has failed to satisfy the *Dataphase* factors, and his preliminary injunction should be denied.

### IV.    CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 38) be DENIED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[1] Plaintiff also raises additional claims in his Complaint concerning conditions of confinement and other treatment related to his MS.

[2] Defendants further note that Plaintiff had been receiving his infusions until February of 2020, when he was caught trying to smuggle contraband into the prison on his monthly infusion run. His late February appointment with Dr. Khaleel was rescheduled per security policy, and the later appointment was cancelled by Dr. Khaleel due to the COVID-19 shutdown. The infusion center would not treat Plaintiff without an updated order from Dr. Khaleel, and Dr. Khaleel would not continue the infusion order without re-evaluating Plaintiff. (ECF No. 42 at 2). While these facts do not address the full scope Plaintiff's Complaint allegations, which detail issues with treatment lapses long prior to 2020, they do address the current motion.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 29th day of July 2020.

                                              /s/ *Mark E. Ford*
                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE