IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JASON WILLARD BRAMLETT                                                                    PLAINTIFF

v.                                              Case No. 6:19-cv-6070

WELLPATH, LLC (formerly known as
Correct Care Solutions, LLC);
DR. THOMAS DANIEL; and
DR. JEFFREY STIEVE                                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 29, 2020, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 51). Judge Ford recommends that the Court deny Plaintiff's motion for a preliminary injunction. (ECF No. 38). Plaintiff has objected. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff filed this action on June 25, 2019, alleging that Defendants have continually violated his constitutional rights during his incarceration in the Arkansas Department of Correction ("ADC"), Ouachita River Unit, since March 2017. Plaintiff alleges that he suffers from Multiple Sclerosis and that he has additional spinal column issues. Plaintiff alleges that Defendants have denied him prescribed medical care, medication, treatments, disability assist devices, and hygienic necessities. Plaintiff seeks, among other things, the restoration of his prescribed medical care, medications, and treatments.

On June 17, 2020, Plaintiff filed a motion for a preliminary injunction. Plaintiff states that his Multiple Sclerosis has been effectively treated for several years with the infusion medication Tysabri. However, Plaintiff states that he is no longer receiving Tysabri treatments and has no

future appointments scheduled to receive those treatments. Plaintiff states that missing Tysabri treatments will cause him accelerated damage and deterioration. Thus, he asks the Court to enjoin Defendants from denying him appointments to receive Tysabri treatments. Recently, Plaintiff also filed a motion asking for a ruling on his preliminary-injunction motion.

On July 29, 2020, Judge Ford issued the instant report and recommendation. Judge Ford finds that Plaintiff failed to show irreparable harm absent injunctive relief because he has produced no evidence that his medical condition will irreversibly deteriorate. For the same reason, Judge Ford also finds that Plaintiff has failed to show a likelihood of success on the merits. Thus, Judge Ford recommends that Plaintiff's motion for injunctive relief be denied. On August 10, 2020, Plaintiff filed objections.

## II. DISCUSSION

Plaintiff's objections contain not only his objections to the instant Report and Recommendation, but also a motion seeking to appeal an order Judge Ford issued on July 29, 2020, denying Plaintiff's unrelated motion to compel. The Court will first address the Report and Recommendation and Plaintiff's objections thereto. The Court will then address Plaintiff's appeal.

**A. Report and Recommendation**

Plaintiff's motion seeks the issuance of a preliminary injunction that would allow him to receive Tysabri treatments every twenty-eight days. Judge Ford's Report and Recommendation finds that Plaintiff has failed to show that an injunction is warranted and recommends denial of the motion.

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court

may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b).

"The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984). It is well established that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). The burden is especially heavy where, as in this case, the movant seeks to obtain relief like that which could be obtained after a trial on the merits. *See Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993). In a prison context, a request for injunctive relief "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks omitted).

Whether a preliminary injunction is warranted involves the consideration of: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties . . . ; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Although no single factor is dispositive, "the most critical factors . . . in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the [movant] will suffer irreparable harm if an injunction is not granted." *Chi. Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976).

The crux of Judge Ford's Report and Recommendation is that Plaintiff has not produced evidence that his medical condition would irrevocably deteriorate without injunctive relief. Thus, Judge Ford found that Plaintiff had not satisfied the irreparable harm and likelihood-of-success factors. Plaintiff's objections argue, for the first time, that he had to undergo a six-day emergency stay at the University of Arkansas for Medical Sciences, from July 22 through July 28, 2020. Plaintiff argues that his hospitalization shows that he has suffered, and will continue to suffer, irreparable harm without an injunction.

The Court is unpersuaded and agrees with Judge Ford. Plaintiff argues for the first time in his objections that he has suffered irreparable harm from his six-day hospitalization. A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). Thus, Plaintiff's newly raised argument regarding his hospitalization is insufficient because it was not first presented to Judge

4

Ford for consideration.

That aside, Plaintiff provides no medical evidence showing that this hospitalization occurred, what caused the hospitalization, what medical treatment he underwent, or his current condition. Defendants have provided the affidavit of Dr. Thomas N. Daniel, the unit physician at the Ouachita River Correction Unit – Special Needs Unit, who opines in relevant part that despite Plaintiff's lack of Tysbari treatments, his condition remains static and he is receiving appropriate medical care. Plaintiff encourages the Court to contact a Dr. Khaleel and obtain his opinion as to the alleged lack of appropriate medical care. However, it is Plaintiff's responsibility to provide the Court with any evidence he might deem relevant to a pending motion. Based on the current record, Plaintiff has not shown that his alleged "harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996). Thus, Plaintiff has failed to demonstrate that he will suffer irreparable harm without an injunction, which is "an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Even if the Court assumes *arguendo* that Plaintiff was hospitalized for six days and that the hospitalization demonstrates that he suffered irreparable harm, Plaintiff has not established any of the other *Dataphase* factors. He does not discuss those factors in his briefs and objections, other than making conclusory statements that Defendants will not be harmed with an injunction, that he is overwhelmingly likely to prevail on the merits, and that the public interest favors injunctive relief here.

To show likelihood of success on the merits, a moving party is "not required to prove a mathematical (greater than fifty percent) probability of success on the merits." *Heartland Acad. Cmty. Church v. Waddle*, 335 F.3d 684, 690 (8th Cir. 2003). Rather, it is a question of whether

the movant has a "fair chance of prevailing" after discovery and a full trial. *Id.* It is of note that Judge Ford found alternatively that Plaintiff had not shown a likelihood of success on the merits, and Plaintiff did not object to that finding. Without more, Plaintiff's conclusory statement that he will prevail on the merits is not enough, at this stage, to show a "fair chance of prevailing" at trial.

The public interest must also be served by granting injunctive relief. *Dataphase*, 640 F.2d at 113. In making this determination, the Court must consider "both what public interests might be injured and what public interests might be served by granting or denying a preliminary injunction." *Sak v. City of Aurelia, Iowa*, 832 F. Supp. 2d 1026, 1046 (N.D. Iowa 2011) (citing *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 997-98 (8th Cir. 2011)). Plaintiff's only argument on this point is that the public interest is always served by protecting constitutional rights. This is certainly true, as there "is a public interest in ensuring that prisons treat inmates fairly and act in accordance with the law." *Allen v. Reid*, No. CV 15-1905 (WMW/JJK), 2016 WL 11491385, at *3 (D. Minn. Mar. 16, 2016), *report and recommendation adopted*, No. 15-CV-1905 (WMW/SER), 2016 WL 3136859 (D. Minn. June 3, 2016). "However, there is also a great public interest in the efficient and effective management of prisons." *Id.* The ADC "is better situated to establish fair and consistent policies to further these goals than the courts." *Id.* Given that Plaintiff "has failed to show that he is likely to suffer irreparable harm or that he is likely to prevail on the merits of his claims, at least at this stage of the litigation, he has not shown that the public interest is better served by a court order directing the defendants to provide any specific form of medical care."[1] *Id.*

As the movant, Plaintiff bears the heavy burden of showing that a preliminary injunction is appropriate. Upon *de novo* review of Plaintiff's specific objections, and finding no clear error

---

[1] The Court finds it unnecessary to discuss the final *Dataphase* factor because, as discussed above, Plaintiff has not satisfied the previous three factors.

on the face of the record as to the portions of the Report and Recommendation that were not objected to, the Court concludes that Plaintiff has not met his burden. Plaintiff's motion for a preliminary injunction will be denied. Plaintiff's motion seeking a ruling on his preliminary injunction motion will be denied as moot.

## B. Appeal of Judge Ford's Order Denying Motion to Compel

Plaintiff's objections also contain a motion seeking to appeal Judge Ford's July 29, 2020 order denying Plaintiff's motion to compel. The Court will put aside the question of whether this motion is properly raised in objections to a separate, unrelated Report and Recommendation. Keeping in mind that *pro se* litigants must be given lenient treatment, the Court will address the motion.

Federal Rule of Civil Procedure 72(a) allows a party to appeal a non-dispositive order of a magistrate judge to the district court. When timely objections are made to a magistrate judge's written order concerning a non-dispositive pretrial motion, the district judge must consider those objections and must affirm the order unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This is an "extremely deferential" standard. *Reko*, 70 F. Supp. 2d at 1007.

Although the Eighth Circuit Court of Appeals has not addressed the standard of review under Rule 72(a), it has observed in another context that "clear error" allows the reviewing court to reverse "only . . . when the entire record definitely and firmly illustrates that the lower court made a mistake." *United States v. Marshall*, 411 F.3d 891, 894 (8th Cir. 2005). The Eighth Circuit has also not clarified the meaning of "contrary to law" in a Rule 72(a) context, but district courts have determined that "[a] decision is contrary to law when it fails to apply or misapplies relevant

statutes, case law or rules of procedure." *See, e.g.*, *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013).

Plaintiff filed a motion to compel on June 29, 2020, seeking production of several documents he requested in discovery but Defendants did not provide. In relevant part, he sought a copy of his entire medical record. Defendant objected to that request, stating that ADC policy prevents inmates from receiving and keeping copies of their medical file, but that inmates can freely review their medical file upon request, and that defense counsel instructed the health administrator in Plaintiff's ADC facility to give him liberal and frequent access to his files. On July 29, 2020, Judge Ford denied the motion to compel, reasoning that ADC Health Services Policy 800.00 prohibits inmates from keeping a copy of their medical file, and finding that Plaintiff could nonetheless access and review his medical file through the process allowed by the ADC.

After Judge Ford issued his order, Plaintiff filed an untimely and unauthorized reply in support of his motion to compel on August 3, 2020. Plaintiff's present appeal references this reply and argues that ADC Health Services Policy 800.00 is a healthcare policy, not a security policy, so it should not be read to bar inmates from possessing their own medical files. He also argues that other inmates have received copies of their medical files, so he should be allowed to have his.

The Court has reviewed the briefing papers to Plaintiff's motion to compel, along with Judge Ford's July 29, 2020 order. The Court cannot conclude that Judge Ford's order is clearly erroneous or contrary to law. As other courts have noted, "legitimate security concerns prevent [ADC] prisoners from having [their medical] documents in their possession while in prison," particularly when the prisoner can access and review his medical file. *Jones v. Bond*, No. 5:12-cv-0456-SWW/JTR, 2014 WL 1251392, at *1 (E.D. Ark. Mar. 26, 2014); *see also Smith v. Corr. Med. Servs.*, 207 F. App'x. 737, 739 (8th Cir. 2006) (per curiam) (affirming the denial of a motion

8

to compel the production of an ADC prisoner's medical records where the prison policy allowed the prisoner to review his records but not keep them, and relevant portions of the medical records were read aloud at a hearing); *Kemp v. Correct Care Solution, Inc.*, No. 6:17-cv-6084 (Mar. 13, 2018), ECF No. 31 (denying a motion to compel the production of medical records and directing the ADC inmate to review the files pursuant to the prison policy where, in relevant part, no summary judgment motion had been filed yet).

The record indicates that Plaintiff can review his prison medical file and make notes that he may keep. That will suffice for now. If Defendants file a summary judgment motion, Plaintiff "may ask [Defendants] for copies of *relevant* portions of his prison medical file that are not already attached to [the] motion." *Jones*, 2014 WL 1251392, at *1 (emphasis in original). If Defendants refuse to provide copies of the relevant medical records in that situation, Plaintiff may file another motion to compel. *Id.*; *see also Kemp v. Correct Care Solution, Inc.*, No. 6:17-cv-6084 (Jun. 25, 2018), ECF No. 54 (granting a motion to compel the production of medical records that was filed after a summary judgment motion had been filed and the defendants refused to produce the requested records). Furthermore, if this case proceeds to trial or if any sort of pretrial hearing is needed with respect to Plaintiff's medical condition, Plaintiff may ask the Court to order Defendants to provide him with his relevant prison medical records to review and use in those proceedings. *Jones*, 2014 WL 1251392, at *1.

To the extent that Plaintiff argues that other inmates in the ADC, Ouachita River Unit have received their medical files, or that other magistrate judges in the Western District of Arkansas have ordered production of medical files for ADC inmates, the Court finds those arguments unavailing. Both of those sentiments may be true, but those cases are not binding law. As discussed above, other courts have denied ADC inmates' motions to compel production of medical

records based on ADC Health Services Policy 800.00 and the ADC's legitimate security interest in preventing prisoners from possessing and keeping their medical files. Regardless of whether the Court would have decided the motion to compel differently, the Court cannot say that Judge Ford's July 29, 2020 order is clearly erroneous or contrary to relevant, binding authorities. Accordingly, the Court must affirm the order pursuant to Rule 72(a).

### III.  CONCLUSION

For the above stated reasons, the Court adopts the instant Report and Recommendation (ECF No. 51) *in toto*. Plaintiff's motion for a preliminary injunction (ECF No. 38) is hereby **DENIED**. Plaintiff's motion for a ruling on his preliminary injunction motion (ECF No. 49) is hereby **DENIED AS MOOT**. To the extent that Plaintiff's objections (ECF No. 53) contain a valid motion to appeal Judge Ford's July 29, 2020 order, the motion is **DENIED** and Judge Ford's order (ECF No. 50) is **AFFIRMED**.

**IT IS SO ORDERED**, this 17th day of August, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge