IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JASON WILLARD BRAMLETT                                              PLAINTIFF

v.                              Case No. 6:19-cv-6070

WELLPATH LLC;
DR. THOMAS DANIEL;
and DR. JEFFREY STIEVE                                             DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on July 26, 2021, by the

Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.

ECF No. 74. Plaintiff filed objections (ECF No. 78), and Defendants filed objections. ECF No. 79.

The Court finds the matter ripe for consideration.

### I. BACKGROUND

On June 25, 2019, Plaintiff filed his Complaint (ECF No. 1) and is proceeding in forma

pauperis ("IFP"). ECF No. 3. Plaintiff alleges that beginning in March 2017, Defendants denied

him medical care in violation of his Eighth and Fourteenth Amendment rights. Additionally,

Plaintiff alleges that Defendants retaliated against him in violation of his First Amendment rights.

Plaintiff brings these claims against Defendants in their individual and official capacities. Plaintiff

also brings a supplemental state claim against Defendants in their individual capacities.

On December 30, 2020, Defendants filed a Motion for Summary Judgment. ECF No. 57.

Judge Ford filed a Report and Recommendation recommending that the Court grant Defendants'

summary judgment on the retaliation claims but deny summary judgment on the denial of medical

care individual capacity claim and the supplemental state claim. Defendants object to the subparts

of the Report and Recommendation regarding the individual capacity denial of medical care claim.

ECF No. 74. Defendants argue that the Report and Recommendation incorrectly applied a negligence standard rather than a deliberate indifference standard, and thus the Court should not adopt this portion of the Report and Recommendation. Plaintiff objects to the Report and Recommendation (ECF No. 78) and argues that his claim for retaliation should not be dismissed with prejudice because he has shown that Defendants retaliated against him after he used the grievance procedure.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).

Plaintiff objects to the Report and Recommendation dismissing his retaliation claim with prejudice. Defendants object to the Report and Recommendation not dismissing Plaintiff's claim for denial of medical care and argue that the incorrect standard was applied. Pursuant to § 646(b)(1), the Court will conduct a *de novo* review of all issues related to both parties' specific objections.

**A. Denial of Medical Care Claim**

First, the Court will address Plaintiff's claim for denial of medical care in violation of his Eighth and Fourteenth Amendment rights. Plaintiff claims that beginning in March 2017, Defendants denied appropriate medical care while incarcerated in the Arkansas Division of Correction. ECF No. 1. Specifically, Plaintiff states that he was denied proper medical attention for Multiple Sclerosis ("MS") and was denied proper hygienic supplies, which led to a urinary tract infection. Plaintiff brings this claim against all Defendants in their individual and official capacities.

**I. Individual Capacity**

Plaintiff claims that Defendants violated his Eighth and Fourteenth Amendment rights because they disregarded his need for prescribed medical care, specific medications, treatments, disability-assist devices, and hygienic necessities for his condition. Defendants assert that they are entitled to summary judgment on this claim because Plaintiff cannot meet the deliberate indifference standard. Accordingly, the Court will analyze whether Defendants are entitled to summary judgment.

Qualified immunity shields a government official from liability and the burdens of litigation unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Truong v. Hassan*, 829 F.3d 627, 630 (8th Cir. 2016) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating whether a government official is entitled to qualified immunity requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Unless the answer to both of these questions is yes, the defendants are

entitled to qualified immunity. *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1008 (8th Cir. 2017) (quoting *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009)). Qualified immunity is a legal question for the court, not the jury, to decide in the first instance based either on the allegations or, if material facts are in dispute, on the facts found by the jury. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir.2012). *See also Littrell v. Franklin*, 388 F.3d 578, 584-85 (8th Cir.2004).

### *Constitutional Violation*

Plaintiff alleges that Defendants acted with deliberate indifference when they failed to provide Plaintiff with proper medication to manage his MS, hygienic supplies, and a wheelchair. Defendants argue that they did not act with deliberate indifference.

The Eighth Amendment's proscription of cruel and unusual punishment is violated by "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires "both an objective and subjective analysis." *Hall v. Ramsey County*, 801 F.3d 912, 920 (8th Cir. 2015). To succeed on this kind of claim, a plaintiff must demonstrate that he had an objectively serious medical need that the defendants knew of and yet deliberately disregarded. *Id.*[1]

First, the Court will address whether an objectively serious medical need was present. "To be objectively serious, a medical need must have been 'diagnosed by a physician as requiring treatment' or must be 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)). In the present case, Plaintiff was diagnosed with multiple sclerosis (ECF No. 59-3). Additionally, neither party disputes that Plaintiff suffers from

---

[1] The deliberate indifference standard is the applicable standard in an Eighth Amendment claim for denial of medical attention.

MS, which is a serious medical condition. Accordingly, the Court finds that a serious medical need is present.

Now the Court will evaluate whether Defendants knew that Plaintiff needed medical care but deliberately disregarded those needs. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 897 (8th Cir. 2014). "Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." *Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir.1990) (citations omitted). To state a claim based on "inadequate medical treatment . . . [t]he plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Alberson v. Norris,* 458 F.3d 762, 765 (8th Cir.2006) (quoting *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995)).

Plaintiff states that he was deprived of treatment for his MS when his appointment was cancelled on November 13, 2017, and rescheduled for December 8, 2017. Defendants state that the prison experienced scheduling issues and that Plaintiff received his treatment as quickly as possible. Plaintiff also states that he was not given the medication he needed for his condition, however, his medical records show that both Dr. Daniel and Dr. Stieve met with Plaintiff to discuss different management options for his condition, prescribed the medication they saw fit to best alleviate any pain associated with MS, and referred Plaintiff to specialists to better assist with his condition. Further, Dr. Gary Kerstein, who serves as a unit physician at the East Arkansas Regional Unit, reviewed Plaintiff's medical records and evaluated the treatment provided by Defendants. ECF No. 59-11. Dr. Kerstein opined that the gap in treatment did not adversely affect Plaintiff's condition and agreed with decisions made by Dr. Daniel and Dr. Stieve regarding certain prescriptions. The Court does not find that Dr. Daniel or Dr. Stieves acted with gross incompetence

or provided inadequate care. After a review of the medical records and associated declarations, it appears that Plaintiff received proper medical care, but did not agree with the decisions to change his medications. This disagreement with Dr. Daniel and Dr. Stieve's medical opinion and treatment does not rise to the level of a constitutional violation. Thus, Plaintiff cannot show that Defendants acted with deliberate indifference to his medical needs. A violation of a constitutional right has not been established and Defendants are entitled to qualified immunity. Accordingly, summary judgment is appropriate as to Plaintiff's claim of denial of medical care against Defendants in their individual capacities, as well as any supplemental state claims.

### II. Official Capacity

Defendants do not specifically object to the Report and Recommendation's finding that a material fact remains in dispute as to Plaintiff's claim of denial of medical care against Defendants in their official capacities. Judge Ford found that there are material facts in dispute on this claim as to Defendants' policies and customs and their effect on Plaintiff's medical care. Accordingly, the Court will not review this claim and does not find any clear error in the Report and Recommendation.

### B. Retaliation Claim

Now, the Court will address Plaintiff's claim of retaliation in violation of his First Amendment rights. Plaintiff claims that when he utilized the grievance process, he was retaliated against by Defendants. Plaintiff specifically alleges that Defendants confiscated his wheelchair after he filed a grievance. The Report and Recommendation recommends that this claim be dismissed because Plaintiff has failed to establish that he suffered any adverse action. Plaintiff objects.

The filing of a prison grievance, like the filing of an inmate lawsuit, is a protected First Amendment activity. *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994). In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citing Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990)). The retaliatory conduct itself need not be a constitutional violation to be actionable. Additionally, there is no independent injury requirement when retaliatory conduct is involved. *See Dixon*, 38 F.3d at 380.

To prevail on his retaliation claim, Plaintiff must demonstrate: (1) he engaged in protected activity; (2) Defendants responded with adverse action that would "'chill a person of ordinary firmness' from continuing in the activity;" and (3) the adverse action was motivated at least in part by exercise of the protected action. *See L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 807-8 (8th Cir. 2012) (quoting Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004)).

Plaintiff submitted a grievance with the ADC regarding his medical care, and thus he engaged in a protected activity. Also, Plaintiff's wheelchair was confiscated by the Defendants which could be considered an adverse action. However, Plaintiff has not provided evidentiary support that the confiscation of his wheelchair was motivated by his filing of a grievance. Defendants provided that the reason Plaintiff's wheelchair was confiscated was because he struck another inmate. Accordingly, the Court agrees with the Report and Recommendation that Plaintiff has failed to establish his retaliation claim.

### III. CONCLUSION

Accordingly, the Report and Recommendation (ECF No. 74) is **ADOPTED IN PART and DENIED IN PART**. The Court adopts the Report and Recommendation's finding that

Defendants' Motion for Summary Judgment should be denied as to Plaintiff's official capacity claim for denial of medical care and that Defendants' Motion for Summary Judgment should be granted as to Plaintiff's retaliation claim. The Court declines to adopt the Report and Recommendation's finding that Defendants' Motion for Summary Judgment should be denied as to Plaintiff's individual capacity claim for denial of medical care. Thus, Plaintiff's claim for denial of medical care against Defendants in their individual capacities, along with any supplemental state claims, and Plaintiff's claim against Defendants for retaliation are **DISMISSED WITH PREJUDICE**. Plaintiff's claim for denial of medical care against Defendants in their official capacities remain for trial.

        **IT IS SO ORDERED**, this 8th day of September, 2021.

                                        /s/ Susan O. Hickey
                                        Susan O. Hickey
                                        Chief United States District Judge